IN THE SUPREME COURT OF THE STATE OF DELAWARE

ANTHONY S. WILLIAMS, §
§ No. 96, 2026
　　Defendant Below, §
　　Appellant, § Court Below—Superior Court
§ of the State of Delaware
　　v. §
§ Crim. ID No. K1804003122
STATE OF DELAWARE, §
§
　　Appellee. §

Submitted: June 26, 2026
Decided: August 7, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)　The appellant, Anthony S. Williams, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Williams's opening brief that his appeal is without merit. We agree and affirm.

(2)　In 2018, a Superior Court jury found Williams guilty of fourth-degree rape. The Superior Court sentenced him to fifteen years of imprisonment, suspended after two years for Level III probation. Among other conditions, the sentence order

required Williams to complete a sex offender treatment program selected by the Department of Correction. This Court affirmed on direct appeal.[1]

(3)     The Superior Court found Williams to be in violation of probation ("VOP") two times in 2021 and one time in 2023. Williams unsuccessfully appealed.[2]

(4)     In February 2025, a probation officer filed a report alleging that Williams was in violation of probation because (i) he had tested positive for cocaine and other illegal substances in December 2024 and January 2025 and (ii) he had been discharged from sex offender treatment without successful completion because he denied that he had committed a sexual offense. At a hearing on February 21, 2025, Williams, who was represented by counsel, admitted both alleged violations and requested that he be given another chance to complete the sex offender program in the community. The Superior Court found that Williams had violated probation and sentenced him to eleven years of imprisonment, suspended after three years at Level V Transitions Sex Offender Program, suspended after successful completion of Level V Transitions Sex Offender Program, followed by decreasing levels of supervision. The court explained that Williams had multiple opportunities to

---

[1] *Williams v. State*, 2020 WL 388431 (Del. Jan. 22, 2020).
[2] *See Williams v. State*, 2021 WL 1667377 (Del. Apr. 26, 2021) (affirming first VOP adjudication); *Williams v. State*, 2022 WL 351084 (Del. Feb. 4, 2022) (affirming second VOP adjudication); *Williams v. State*, 2023 WL 8433643 (Del. Dec. 4, 2023) (dismissing untimely appeal from third VOP adjudication).

complete sex offender treatment in the community and stated that the court was "persuaded that the only way that sex offender treatment is going to be completed is in an incarcerated . . . setting."

(5) Williams did not appeal from the 2025 VOP adjudication and sentence. Instead, he filed a motion for correction of an illegal sentence in April 2025, arguing that the Superior Court judge sentenced him with a closed mind and that requiring him to admit that he committed fourth-degree rape in order to complete the required treatment program violated his constitutional protections against self-incrimination and double jeopardy. The Superior Court denied the motion. Williams did not appeal.[3]

(6) In February 2026, Williams filed another motion for correction of an illegal sentence. He asserted that the 2025 VOP was based on his discharge from sex offender treatment for not admitting that he was guilty of fourth-degree rape. He contended that the VOP therefore violated his constitutional rights, including his Fifth Amendment protection against self-incrimination. He also argued that his inability to complete probation without admitting the underlying offense rendered the sentence ambiguous as to the time and manner in which it is to be served. The Superior Court denied the motion, and Williams has appealed to this Court.

---

[3] Williams asserted similar arguments in a motion for modification of sentence that he filed in June 2025. The Superior Court also denied that motion, and Williams did not appeal.

3

(7)     We review the denial of a motion for sentence correction for abuse of discretion.[4] To the extent the claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(8)     Williams contends that finding him in violation of probation for not admitting his underlying crime violates his constitutional protection against self-incrimination. That is a challenge to the validity of the VOP adjudication, not the sentence. A motion under Rule 35(a) is not an appropriate means to assert purported errors in the conviction.[7]

(9)     Williams also argues that his sentence is ambiguous as to the time and manner in which it is to be served because he cannot successfully complete probation without admitting that he committed fourth-degree rape. The sentence is not ambiguous. It requires him to serve three years in prison before progressing to lower supervision, unless he completes the Transitions Sex Offender Program sooner.

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] *Nichols v. State*, 2006 WL 3578638, at *1 (Del. Dec. 11, 2006).

(10)   Finally, Williams argues that convicting him "over and over for non-criminal offenses" violates his constitutional protection against double jeopardy. Williams was convicted of a single criminal offense and received a single term of imprisonment, with an opportunity to complete the sentence earlier if he meets certain conditions. Williams has not shown how his failure to meet those conditions constitutes a double jeopardy violation.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:
*/s/ N. Christopher Griffiths*
Justice

---

[8] *Cf. Johnson v. State*, 2004 WL 2520908, at *2 (Del. Nov. 4, 2004) (holding that successive VOP adjudications for repeated violations of a no-contact order did not violate double jeopardy).